Case 1:20-cv-04431-VEC   Document 38   Filed 01/19/21   Page 1 of 9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/19/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM RICHARD HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 1:20-cv-04431-CM |
| ) | |
| EARLY WARNING SERVICES, LLC.; ) | |
| SANTANDER BANK, N.A., ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Defendants Early Warning Services, LLC and Santander Bank, N.A. (collectively, "Defendants"), by counsel, and Plaintiff William Richard Hamilton (collectively, the "Parties"), hereby stipulate to the following Stipulated Protective Order regarding confidential information in the ongoing dispute in the United States District Court for the Southern District of New York, Case No. 1:20-cv-04431-CM (the "Action").

This case is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, the Parties consent to the following terms and conditions of this Stipulated Protective Order and further agree to the entry of this Stipulated Protective Order by the Court:

1. All confidential information in this case shall be used solely for the purpose of this litigation and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other litigation, other than in conjunction with prosecuting or defending this litigation, provided, however, that nothing in this Stipulated Protective Order will affect the

112376342v1

admissibility in other litigation or judicial proceedings of anything produced in the present matter. Rather, the admissibility of such things in other litigation and judicial proceedings shall be determined by the arbitrator or judge presiding over those proceedings.

2. If any answer given or document produced in response to any discovery in this case contains any confidential information, the responding party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by this Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3. This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to confidential information.

4. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the receiving party. Any and all medical records and financial records shall be assumed confidential. No designation of these records as "CONFIDENTIAL" is necessary for purposes of this order.

5. The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential

designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 15 days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that testimony is "CONFIDENTIAL" and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or delivered to attorneys of record.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses or potential witnesses and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this litigation, either in preparation for trial or in the trial itself.

7. If any party or attorney for any party in this litigation desires to give, show, make available or communicate any information or document designated "CONFIDENTIAL" to any person, other than the Court, or a party, such as to a person assisting counsel or to any witness, potential witness and/or expert witness, the attorney or party shall first give a copy of this Stipulated Protective Order to such person, who shall read this Stipulated Protective Order, be fully familiar with its provisions, and execute the Non-Disclosure Agreement attached hereto as Exhibit A.. If the third-party refuses to execute the Non-Disclosure Agreement, the confidential information shall not be disclosed to the third party.

112376342v1

8. Inadvertent production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Order. "CONFIDENTIAL" documents produced by any party or nonparty through discovery in this suit prior to the entry of this Order by the Court shall be subject to the provisions of this Order to the same extent as if this Order had already been entered by the Court, unless the Court directs otherwise.

9. The Stipulated Protective Order shall not, in itself, be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, the designating party may move the Court for an Order permitting confidential treatment to the documents or information in question within seven (7) days of the parties' final attempt to resolve such a dispute informally. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment. If such a motion is not filed, the documents and/or information need not be kept confidential unless and until a Court decides otherwise.

11. Absent having first obtained the consent of the other parties to this action, if any party or attorney for any party files with the Court a motion, application or other document (a "Filing") that incorporates or reveals the contents of any document or material that has been designated as "CONFIDENTIAL," that Filing shall be delivered to the Court and to the other parties enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed, except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

Alternatively, where the document or material designated as "CONFIDENTIAL" is contained in a Filing but is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties, the parties may file redacted documents without following the above requirements of this paragraph 11 and without further order of the Court.

12. Regardless of whether or not the procedure outlined in paragraph 11 above is followed, any information or documents that have been designated "CONFIDENTIAL" that are filed with the Court, or any pleadings, motions, or other papers that disclose any such information, shall be kept confidential by the Court and all parties.

13. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, answers to interrogatories, deposition transcripts or other items of

112376342v1

discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Stipulated Protective Order or any other order of the Court. Further, within 60 days of the conclusion of the Action, all documents designated as "CONFIDENTIAL," including all copies which may have been disclosed to expert witnesses, shall be either returned to the party producing it or destroyed.

14. This Stipulated Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the Parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Stipulated Protective Order shall not affect the admissibility of evidence at the litigation hearing or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

15. Nothing in this Stipulated Protective Order shall preclude any of the parties from otherwise seeking a modification of this Stipulated Protective Order.

16. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

17. The requirements of this Order are in addition to those set forth by any previous Order of the Court.

18. The following ADDENDUM is deemed incorporated into the parties' Stipulated Protective Order: the parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not

112376342v1

truly confidential is designated as such. The Court does not intend to be a party to such practices. The court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Notwithstanding paragraphs 11 and 12, the parties must comply with Rule 5 of the undersigned's Individual Practices in Civil Cases when filing information that has been designated as confidential.

**IT IS SO ORDERED.**

Dated: _____January 19__, 2021          _____/s/ Valerie Caproni_____
                                          UNITED STATES DISTRICT JUDGE

112376342v1

Exhibit A to Stipulated Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM RICHARD HAMILTON,<br><br>  Plaintiff,<br><br>vs.<br><br>EARLY WARNING SERVICES, LLC;<br>SANTANDER BANK, NA.,<br><br>  Defendants. | )  Case No.: 1:20-cv-04431<br>)<br>)<br>)<br>)   **NON-DISCLOSURE**<br>)   **AGREEMENT**<br>)<br>)<br>)<br>)<br>) |

I, _____, acknowledge that I have read and understand the Stipulated Protective Order in this action governing the non-disclosure of documents, transcripts, materials, testimony and information that have been designated as "CONFIDENTIAL" ("Confidential Materials"). I agree that I will not disclose such Confidential Materials to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential Materials in my possession to the party or attorney from whom I received it. By acknowledging these obligations under the Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Stipulated Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date:

112376342v1